(56 Misc. Rep. 324.)

## SULTZBACH CLOTHING CO. v. BALSAM.

(Supreme Court, Special Term, New York County. November, 1907.)

TRADE-MARKS AND TRADE-NAMES—INFRINGEMENT—INJUNCTION.

    An advertisement by defendant stated that a certain person named in the advertisement, of a recognized standing as a salesman and with a circle of acquaintance in the trade in which plaintiff and defendant were engaged, who was formerly in the employ of plaintiff, generally known as "George's" and "Fisher's," announced that he could be found at "Balsam's Misfit Parlors"; the name being defendant's surname. There was nothing in the contents of the advertisement calculated to mislead the public to plaintiff's detriment. *Held,* that an injunction pendente lite restraining defendant from using the names "George's" or "Fisher's," at present used by plaintiff in conducting its business at different places, would not be granted.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, § 108.]

Action by the Sultzbach Clothing Company against Louis Balsam. Motion for injunction pendente lite. Denied.

Alynn Sulzberger, for plaintiff.
Edward M. Bernstein, for defendant.

FITZGERALD, J. This is a motion for an injunction pendente lite restraining the defendant, his agents, servants, or employés, from using the names "George's" or "Fisher's" (two trade-names heretofore and now used by the plaintiff, a domestic corporation, in conducting its business at two different places), or the name "Sultzbach," either singly or collectively in any advertisement published by the defend-

ant, and from deceiving the public by representing that the defendant was ever connected with the establishment of the plaintiff, or that the defendant is conducting business under any of the aforesaid names or under the name of the plaintiff, or that the defendant was ever in the employment of the plaintiff or any of the firms which formerly conducted business under any of the aforesaid names. This is not only substantially the language of the plaintiff's notice of motion, but is the gravamen of its charge against the defendant, as stated in paragraphs 16, 17, and 22 of the verified complaint. However, although not referred to in the notice of motion, unless the application for injunction against the defendant's use "either singularly or collectively" of the two names may be so construed, the plaintiff also alleges (paragraph 18 of the complaint) that the defendant's advertisements are also misleading to the public and injurious to the plaintiff, because they state that "George's" and "Fisher's" are one and the same firm, whereas they are the trade-names of two distinct establishments controlled and conducted by the plaintiff, but selling different lines of garments, pursuing different methods, and catering to different classes of trade, public knowledge of which would be detrimental to the plaintiff's business. A careful consideration of the pleadings and moving and opposing affidavits submitted on this motion, and a comparison of the advertisements published by both parties, convince me that pending the full hearing and determination upon the merits which will be had upon the trial of the action the extensive injunctive relief prayed for by the plaintiff should not be granted.

Considering the allegations of the complaint seriatim, and testing the defendant's advertisements thereby, the natural conclusion is that the latter in no way represent that the defendant was ever connected with the plaintiff's establishment or is conducting business under the plaintiff's corporate or trade-names, or that the defendant was ever in the employment of the plaintiff or of any of the firms formerly using those trade-names. The defendant's advertisements simply state that a certain person, not the defendant, fully named in the advertisement, and of recognized and admitted standing as a salesman, and with a wide circle of acquaintances in the trade of the plaintiff and the defendant, who was formerly with the plaintiff, "generally known as 'George's' and 'Fisher's,'" announces that he can be found at Balsam's Misfit Parlors, No. 206 West Thirty-Fourth street, which, it will be noted, is named according to the defendant's surname. Nor is there anything in the arrangement or composition of the contents of the advertisement calculated to mislead the public to the detriment of the plaintiff's trade. The name of the former employé is placed in large type in a single line at the top. It is true that the words "formerly with the" are in smaller type; but they are separated and spaced off, and readily discernible to a most casual perusal of the newspaper, and the name of the defendant and the address of his "parlors" are also stated in large type and on separate lines. Furthermore, the use by the defendant in the preliminary announcement of the former employment of the said salesman, in large type and in a separate line, of the corporate name of the plaintiff, which nowhere appears in the plaintiff's own advertisements, and the use by the defendant at the top

of his advertisement of the single name "Fisher's," as distinguished from the full name "The Fisher Tailor Parlors," printed at the bottom of the plaintiff's advertisements, also serve to arrest the attention of the casual reader, to stimulate his inquiry and further inspection, and to distinguish in his mind the different establishments of the parties. Nor can it be said on this motion that there is any misrepresentation by the defendant to the deception of the public and the injury of the plaintiff. The said salesman was admittedly a former valuable employé of the plaintiff corporation, who, on his retirement from its service, received from its president various letters of recommendation. He is undoubtedly the "discharged employé" referred to in the plaintiff's advertisements as the present employé of the plaintiff's "imitator." Whether he was formerly employed exclusively at the establishment of the plaintiff known as "George's," or at that known as "The Fisher Tailor Parlors," it is impossible for me to determine from the papers submitted, as they are silent on that point. But it appears that he was an employé of the plaintiff's corporation, which owned and conducted both establishments, and the fact that he received letters of recommendation from the president of the plaintiff, written on the printed stationery of both establishments, might fairly be said to be indicative of the fact that he had served both, and of the willingness of the writer to commend to prospective employers the services of his former salesman in both establishments.

The plaintiff's contention that the defendant's statement that it is generally known as "George's" and "Fisher's" should be restrained for the reasons above stated, and because it sells its lower-priced garments at the former and its higher-priced garments at the latter, is not confirmed by its own advertisements, where the range of prices are stated to be about the same in both places. Where no deception to the public and no injury to the plaintiff are shown, the defendant should not, on this motion, be restrained from fairly calling to the attention of the public at such proper times and in such proper places as he chooses that skill, knowledge, and experience of a former employé of the plaintiff, acquired at all the places where that employé evidently served the plaintiff, which the plaintiff's president himself commended, and which the defendant is evidently paying for. Van Wyck v. Horowitz, 39 Hun, 237.

The motion should therefore be denied, with costs. Settle order on notice.